In the Matter of FRANK MEYERS, Petitioner, against STATE LIQUOR AUTHORITY, Respondent.

Fourth Department, April 28, 1954.

*John H. Dittman* for petitioner.

*Dale J. Manchester* and *Alvin McKinley Sylvester* for respondent.

KIMBALL, J. The appellant asks this court to review the determination of the respondent which sustained charges of violation of sections 111 and 110 of the Alcoholic Beverage Control Law

after a hearing.  As a result of the determination, the appellant's restaurant liquor license was cancelled.  The violation of section 111 was stated to be that the petitioner-appellant " permitted one, Adam Ertman, a person not mentioned in said license, to avail himself of the license issued to the licensee." The charge under section 110 was " that he failed to notify the State Liquor Authority of the change, to wit: the interest of one Adam Ertman in the licensed premises, within 10 days after such change."  This being a case of revocation and cancellation and not merely one of refusal to issue a license, we must determine whether there was substantial evidence to sustain the determination.  If there was, this court must confirm.  If there was not, we may set it aside and restore the license.  There was no charge that the appellant made any false statements in his application for the license.  We may therefore assume that the license was originally issued in a proper and legal manner and with good faith on the part of the applicant in answering the question as to the interest of any person other than himself in the premises or the business and whether any person had made a loan to the applicant.  If the charges are to be sustained, there must be substantial evidence that after the issuance of the license the licensee permitted Adam Ertman to avail himself of the license; i.e., that Ertman was permitted to use the license and enjoy the avails thereof.

The only evidence was the testimony of Lawrence La Barbera, an investigator for the Authority, and exhibits identified by him. The hearing commissioner made a report which summarized the testimony of La Barbera.  He states that he believed La Barbera's testimony " that in tracing the finances and accounts of Adam Ertman and Frank Meyers, he found that a check was drawn by Mr. Adam Ertman to order of Mr. Meyers in the sum of $5,000.00" which was deposited by Meyers and " used for monies to pay for the purchase of these licensed premises."  It is a fact that, prior to the date of the application for the license and about two months before the license was issued, the sum of $5,000 was drawn from Ertman's account and deposited in Meyers' account.  La Barbera testified that he had questioned Meyers and Ertman, under oath, and that they said the $5,000 was repayment to the appellant of a prior loan in that amount to Ertman's brother which, when paid in cash to Meyers, was temporarily left in Adam Ertman's custody for safekeeping. Whatever the inference which might be drawn, there seems to be no probative value to such evidence to sustain the charge

that subsequent to the issuance of the license, Meyers permitted Ertman to " avail " himself of it.  There is not even a finding that this $5,000 was a loan from Adam Ertman to Meyers and there is no direct proof that it was.  There is no statutory prohibition that a licensee may not borrow money.  Upon application for a license, the applicant must disclose any borrowing and the Authority may inquire into the source of funds before issuing the license.  However, the charges here made were not those of misrepresentation or concealment by the applicant when he applied for the license.  The " source of funds " was not an issue which the licensee was called upon to meet under the charges.  The statement in respondent's brief that " The petitioner failed to show a bona fide source of funds " is irrelevant.

It appears that upon a thorough investigation, the witness La Barbera and his associate investigator were unable to find any evidence whatsoever that Ertman was permitted to avail himself of the license or that he had ever received any of the avails of the use of it.  Meyers' accounts and checkbooks were examined.  Inspection was made of his insurance policies, tax papers, etc.  There was absolutely nothing to indicate that Ertman had ever received anything except his wages as a bartender.  There were no other financial transactions between Ertman and the licensee.  Meyers was maintaining a " very large balance " in his own bank account.  Compensation, liability, fire, robbery, burglary and glass insurance policies were all made out in the name of the licensee.  As the hearing commissioner reported, La Barbera " was unable to find that any of the proceeds from the business were being turned over to Adam Ertman."  La Barbera testified, " we then turned our investigation to the actual funds used when the premises were purchased."  However, the source of funds was not the issue presented by the charges.  Certainly there is no evidence that, subsequent to the issuance of the license, Ertman became interested financially or has benefited by reason of Meyers' license.  There is likewise no evidence that there had been " any change, after the granting of the license, in any of the facts required to be set forth in such application."  There was therefore no duty upon Meyers to notify the Liquor Authority.  The report of the hearing commissioner states:  " That other than the same amount of $60.00 that his bartender receives, the licensee receives no other remuneration from his licensed premises."  The respondent's proof is just to the contrary.  According to La Barbera, the licensee was carrying " a very large balance."

Confining ourselves, as we must, to the charges made against the licensee, we find no evidence that he permitted Ertman to avail himself of the license and no evidence that there was any change after the granting of the license which was required to be reported. We are not called upon to say whether there was substantial evidence that Ertman made a loan to Meyers prior to the issuance of the license which Meyers was required to disclose in his application. Cases cited by the respondent involving the issuance of licenses are not in point nor are those where there was a charge that the licensee made false material statements in the application. We are therefore constrained to set aside the determination on the ground that there is no substantial evidence to sustain the charges made.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Determination annulled, with $50 costs and disbursements and respondent directed to reinstate petitioner's license as requested.